Zygmunt Paul Choroszy Jr
217 Harvard circle
Newtonville MA 02460
(857) 234-8457
Plaintiff in Pro-Per

FILED
IN CLERKS OFFICE

2020 SEP 24  AM 11: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| Zygmunt Paul Choroszy JR | Civil Action No. |
|---|---|
| Plaintiff, | Date: September 23, 2029 |
| v. | |
| Robert L. Wilkie | |
| Secretary, | |
| U.S. Department of Veterans Affairs (Veterans' Health administration) | |
| Defendant. | |

**COMPLAINT**

Unlawful Retaliation for prior protected EEO activity

**INTRODUCTION**

Plaintiff, Zygmunt P. Choroszy Jr. proceeding Pro Se, brings this action pursuant to and after exhausting all remedies with the EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's February 13, 2020, final Decision concerning his equal employment opportunity (EEO) complaint alleging unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et

1

1. At the time of events giving rise to this complaint, Complainant was a former Police Officer, GS7, at the Agency's West Roxbury VA Medical Center (VAMC) facility in West Roxbury, Massachusetts. The Complainant in February 2013 resigned from the VA Boston Healthcare system under good terms.
2. On March 15, 2019, Complainant filed a formal complaint alleging that the Agency subjected him to unlawful Retaliation for prior protected EEO activity when, on February 7, 2019, he was placed on a cautionary list of employees for a second time. This list was for employees who left the Agency under negative terms, including conduct unbecoming. The Complainant never left the V.A. under negative terms. This personnel action taken against the Complainant was a Prohibited Personnel Practice in violation of 5 U.S.C §7701 (C) (2) (B).
3. The Agency accepted the complaint and conducted an investigation which revealed the following pertinent results. The Complainant was employed at the Agency from January 19, 2010, to February 3, 2013. In March 2015, Complainant's name was added to a "Cautionary List," for the first time, which was a list of former employees allegedly and according to V.A. prior testimony, was known only to the Human Resources Division of the VA Boston Healthcare System and prospective Agency employers.
4. On or about November 1, 2018, Complainant received a report of investigation for an unrelated complaint indicating that he had been placed on the "Cautionary List" for former employees.
5. On December 15, 2018, Complainant submitted a request under the Freedom of Information Act for a copy of the "Cautionary List that the VA Boston Healthcare Human Resources Employee/Labor Relations keeps on file [which] documents former employees who left the facility under negative terms including conduct unbecoming."
6. On February 7, 2019, the Agency responded to Complainant's request and provided a document indicating Complainant's name was on the Cautionary List; however, this list provided to the Complainant was a different list than the March 19, 2015 list and was dated January 9, 2019. This list was not the same as the prior list dated March 19, 2015, provided by V.A. Human Resources Specialist Spinney.
7. On February 11, 2019, Complainant contacted an EEO Counselor regarding the instant complaint. This contact was made within the forty-five (45) of the effective date of the action February 7, 2019, pursuant to EEOC Regulation 29 C.F.R. § 1614.105 (a) (1). After it investigated the complaint, the Agency

provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (A.J.).

8. The Complainant timely requested a hearing.

9. The Agency submitted a Motion to Dismiss. The A.J. subsequently issued a Decision and Order dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. The Agency issued its final order adopting the A.J.'s dismissal. The A.J. made an error by using the wrong date and assuming both cautionary lists were the same. The instant appeal followed.

## JURISDICTION

10. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Rehabilitation Act, 29 U.S.C. § 701 et seq. and the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## VENUE

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2), as Plaintiff was formerly employed by the United States Department of Veterans Affairs (D.V.A.) in the District of Massachusetts. The discrimination against the Complainant also took place at the U.S. Department of Veterans Affairs in Brockton, MA, before, during, and at the time of his NON-Selection and his illegal placement on the Cautionary/hit list. Plaintiff's employment records are maintained by the D.V.A. in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## PARTIES

12. Plaintiff, Zygmunt P Choroszy Jr., a Physically Disabled male who is 58-years old, is a citizen of the United States and a resident of the State of Massachusetts. At all times relevant to this suit, he is a resident of Massachusetts and was formerly employed by the D.V.A. at the West Roxbury MA campus.

13. Defendant Robert Wilkie is currently the Secretary of the Department of Veterans Affairs of the United States. Mr. Wilkie is being sued here in his official capacity only.

## STATEMENT OF FACTS

14. Plaintiff Zygmunt P. Choroszy Jr., A schedule A disabled male, was a former tenured career federal employee (Police Officer) with over three years of service with D.V.A., at the time of events giving rise to this complaint, Complainant previously served as a Police Officer, GS-7, at the Agency's Boston VA Healthcare System facility in Boston, Massachusetts. He applied for reinstatement as a Police Officer, GS-0083-06, position listed under vacancy

3

announcement no. CAZW-1009179718-RWS (Vacancy) at the same facility. On June 11, 2018, Complainant filed his second EEO complaint alleging that the Agency discriminated against him on the bases of disability (diabetes and musculoskeletal spine injury), age (57), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973 when, on March 8, 2018, he was notified that he was not selected for the Vacancy. The Complainant left the Agency on February 2, 2013, under good terms. The Complainant believed that the Police Chief (Chief) did not select the Complainant because the Chief was aware of his age, disability, and prior EEO activity. Complainant previously submitted documentation of his disability through a Schedule A letter and a prior EEO mediation, that had led to a settlement in a preceding EEO case, where Complainant informed the Chief and Assistant Chief of the extent of his disability. In April 2016, Complainant and the Chief and Assistant Chief Gonsalves were two of the three individuals who signed an EEO discrimination settlement agreement stemming from prior protected EEO activity, which was the end product of mediation of the previous EEO complaint that all three attended.

The Complainant was informed via email that he met the Vacancy qualifications for vacancy announcement no. CAZW-1009179718-RWS (Vacancy for Police Officer). The Complainant received notice of referral for the Vacancy but was not selected. The Complainant had previously served the VA Boston Healthcare as a Police Officer with distinction and honor prior to applying for reinstatement to a lower grade GS-06 Police Officer position, which is the subject of this complaint. The Agency selected younger officers than the Complainant for the three open police Officer positions, and these selectees were less qualified than the Complainant. The Agency applied a more stringent review of the Complainant's application package due to his age and disability status.

On January 9, 2019, the Human resources Division of the VA Boston Healthcare system retaliated against the Complainant by placing the Complainant on a second and subsequent cautionary list without his knowledge, which had the effect of making the Complainant unemployable in violation of a previous EEO settlement agreement between the Complainant and the V.A. and was a Prohibited Personnel Practice in violation of 5 U.S.C §7701 (C) (2) (B).

## COUNT ONE

### Reprisal for Engaging in Protected Activities

**15.** The foregoing paragraphs are realleged and incorporated by reference herein.

**16.** The Defendant's conduct, as alleged above, constitutes Retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's retaliatory animus. The Complainant was also placed on a cautionary hit list without his knowledge precluding him from employment with the V.A. B.H.S...

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

**17.** On or about February 11, 2019, the Plaintiff filed a timely Charge of

4

Discrimination, and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. § 2000e et seq. (A true and accurate copy of EEOC decision appeal # 2020002938, is attached hereto as Exhibit A) The Plaintiff has satisfied all statutory prerequisites for filing this action.

**18.** On or about July 30, 2020, the Plaintiff received his Decision from the O.F.O. and notice of Rights" letter from the EEOC for his Charge of Discrimination.

**19.** The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "O.F.O. Decision.

**20.** Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

**21.** Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

**22.** Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court award him:

A. That the Court order Defendants to reinstate Plaintiff's employment;

B. That the Court grant full front pay to the Plaintiff;

C. That the Court grant full back pay to the Plaintiff;

D. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

E. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

F. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated and retaliated against;

G. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

H. That the Court grant Plaintiff a jury trial;

I. That the Court grant Plaintiff all other relief the Court deems just and proper; and That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct. Respectfully submitted this 11 day of August 2020.

## JURY DEMAND

The Plaintiff requests trial by jury.
Respectfully submitted this 23 day of September 2020.
I declare under penalty of perjury that the foregoing is true and correct.

_____
Zygmunt P. Choroszy Jr./ Pro Se
207 Harvard Circle
Newtonville, MA 02460
northampi@verizon.net
(857)234-8457