```
                  United States District Court
                    District of Massachusetts
 _____
                                    )
Zygmunt Choroszy, Jr.,              )
                                    )
         Plaintiff,                 )
                                    )
         v.                         )
                                    )   Civil Action No.
Robert Wilkie, in his official      )   20-11699-NMG
capacity as United States           )
Secretary of Veterans Affairs,      )
                                    )
         Defendant.                 )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

   This is the second of three cases arising from claims of employment discrimination brought by Zygmunt Choroszy, Jr. ("Choroszy" or "plaintiff"), acting pro se, against Robert Wilkie in his official capacity as the United States Secretary of Veterans Affairs ("the Secretary" or "defendant"). Choroszy contends that he was subjected to unlawful retaliation by the Department of Veterans Affairs ("the Department") for engaging in activities protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("the ADEA").

- 1 -

Pending before the Court is defendant's motion to dismiss the complaint for failure 1) to serve process in a timely manner, 2) to exhaust administrative remedies and/or 3) to state a claim for relief, and plaintiff's motion to consolidate this case with two other employment discrimination lawsuits that he has filed in this Court.  For the reasons that follow, defendant's motion to dismiss will be allowed and plaintiff's motion to consolidate will, therefore, be denied as moot.

I.  **Background**

Plaintiff Choroszy is a 58-year-old Massachusetts resident who suffers from diabetes and a musculoskeletal spine injury. Beginning in 2010, he served as a police officer at the VA Medical Center in West Roxbury, Massachusetts.  Plaintiff alleges that he resigned from that position in 2013 on good terms and has, since, applied for reinstatement as a police officer.  The Department, however, has declined to re-hire him.

Instead, the Department has apparently added Choroszy's name to a "cautionary list" of former employees ("the List") "who left the Agency under negative terms".  By being on that list, plaintiff suggests that he has been "preclud[ed] . . . from employment with the V.A.".  Plaintiff concedes that his name was, first, placed on the List in March, 2015, but contends that he only learned of that fact in November, 2018, when he received an investigatory report connected to an unrelated Equal

Employment Opportunity ("EEO") complaint he filed with his employer.

About one month later, plaintiff submitted a Freedom of Information Act ("FOIA") request seeking a copy of the List. The Department responded to that request on February 7, 2019, but the list produced was purportedly "a different list than the March 19, 2015 list and was dated January 9, 2019". Due to the date discrepancy, Choroszy insists that the Department must have placed his name on the List for a second time in retaliation for his prior EEO complaint. On February 11, 2019, plaintiff contacted an EEO Counselor at his agency to bring a charge of discrimination in connection with the List.[1]

Following an investigation and a hearing, an Administrative Judge at the Equal Employment Opportunity Commission ("EEOC" or "Commission") dismissed plaintiff's charge for "untimely EEO Counselor contact". Thereafter, Choroszy filed an administrative appeal but the EEOC affirmed the dismissal in September, 2020, explaining that plaintiff

---

[1] An "EEO Counselor" is defined as

> any agency or contracted employee who, serving as a neutral, provides an aggrieved individual with his/her rights and obligations under equal employment opportunity laws.

U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEO-MD-110, CHAPTER 2: EQUAL EMP'T OPPORTUNITY PRE-COMPLAINT PROCESSING (2015).

>   should reasonably have suspected discrimination on November 1, 2018, when he received the report of investigation indicating his name was on the Cautionary List.

By waiting until February, 2019, to contact an EEO Counselor, the Commission determined that plaintiff failed to comply with the 45-day limitation period set forth in 29 C.F.R. § 1614.105(a)(1).

Plaintiff filed a civil complaint with this Court a few days later challenging the decision of the Commission.  He asserts one count for "Reprisal for Engaging in Protected Activities", alleging that, by placing him on the cautionary list, the Department retaliated against him for exercising his rights under Title VII and the ADEA.

## II. **Motion to Dismiss**

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Application

#### 1. Service of Process

Defendant contends that the Court should dismiss this action because plaintiff failed to serve process on the government in a timely manner.  Specifically, although Choroszy filed his complaint on September 24, 2020, process was not served on the United States Attorney's Office (as required by Fed. R. Civ. P. 4(i)) until December 30, 2020, more than 90 days later.

When a defendant challenges the sufficiency of service of process, the plaintiff bears "the burden of proving proper service". Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).  Under the federal rules of civil procedure, if

a defendant is not served within 90 days after the complaint is filed, the Court must

> dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the Court "must extend the time for service for an appropriate period". Id.

Plaintiff, who appears pro se, has not asserted good cause for his failure to serve process in a timely manner. That said, neither has defendant shown that he suffered any prejudice due to plaintiff's delay in perfecting service. Thus, the Court will not dismiss plaintiff's complaint for failure to perfect service in a timely manner. See Morales v. Spencer, No. 13-cv-12423, 2014 WL 2003039, at *2 (D. Mass. May 14, 2014) (denying a motion to dismiss for lack of service because defendants had not "shown that they would suffer prejudice if the time for service was extended").

### 2. Exhaustion of Administrative Remedies

Defendant also contends that Choroszy is barred from bringing this action because he failed to contact one of the Department's EEO Counselors within the requisite 45 days after the alleged discriminatory act, i.e. his placement on the List. See 29 C.F.R. § 1614.105(a)(1). Defendant explains that, although Choroszy's name was placed on the List in March, 2015,

and he purportedly learned of the List in November, 2018, plaintiff did not contact an EEO Counselor until February, 2019, approximately 100 days later. Failure to comply with the EEOC's 45-day deadline generally serves as a bar to bringing a civil claim in federal court unless the doctrine of equitable tolling applies. See 29 C.F.R. § 1614.105(a)(1); Vera v. McHugh, 622 F.3d 17, 29-30 (1st Cir. 2010).

Plaintiff rejoins that he contacted an EEO Counselor within the limitations period because his contact was within 45 days of the date on which his name was allegedly placed on the List for the second time, i.e. on January 9, 2019. The Secretary retorts that 1) plaintiff is mistaken and there is only one list, 2) the date, "January 9, 2019", was stamped on the copy of the List received by plaintiff only because that was the day the List was last accessed by the Department in order to respond to plaintiff's FOIA request and 3) plaintiff does not allege that the entry pertaining to him was supplemented or otherwise changed in the subsequent List. Thus, the alleged retaliatory action, according to defendant, occurred in March, 2015, when plaintiff's name was initially placed on the List and the accrual date of the 45-day contact requirement is still in November, 2018, when plaintiff first learned of the List.

The Court finds defendant's argument persuasive and concludes that the 45-day EEO Counselor contact deadline accrued

on November 1, 2018, when plaintiff first learned of his placement on the List. Seymore v. Johnson, No. 14-cv-12324, 2015 WL 6453146, at *4 (D. Mass. 2015) (explaining that the 45-day period may be tolled until the date plaintiff knew or reasonably should have known that the discriminatory matter occurred); see also Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (noting that a plaintiff's allegations may be "so threadbare or speculative that they fail to cross the line between the conclusory and the factual" (internal marks and citations omitted)).  Because Choroszy failed to contact an EEO Counselor within the requisite period, he did not exhaust his administrative remedies and is, thus, barred from bringing this lawsuit.  For that reason, the Court will allow defendant's motion to dismiss and deny as moot plaintiff's motion to consolidate.

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 18) is **ALLOWED**.  Accordingly, plaintiff's motion to consolidate (Docket No. 10) is hereby **DENIED as moot.**
**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 10, 2021